```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION
```

**WYDETTE HAWKINS and VERNA HAWKINS**                                **PLAINTIFFS**

**VS.**                                        **CIVIL ACTION NO. 3:03cv1168-WHB**

**PAREX, INC., and JOHN DOES 1-25**                                  **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on Plaintiffs' Motion to Reconsider and for Relief from Order. The Court has considered the Motion, Response, attachments to each, as well as supporting and opposing authorities, and finds that the Motion is not well taken and should be denied.

### I. Discussion:

On September 29, 2006, this Court entered an Opinion and Order by which Plaintiffs' Motion for Judgment Notwithstanding the Verdict or, alternatively, for New Trial, was denied. In the subject Order, the Court found that under Rules 50(b) and 59(e) of the Federal Rules of Civil Procedure, Plaintiffs were required to file their motion for a JNOV and/or new trial on or before August 18, 2006 – i.e. within ten days of August 4, 2006, the date on which Final Judgment was entered. As Plaintiffs' motion was not filed until August 21, 2006, it was denied by the Court as

untimely.  Plaintiffs now seek reconsideration of and/or relief from the September 29, 2006, Order of the Court.

Plaintiffs bring the subject Motion to Reconsider and for Relief from Order pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure.  Under Rule 59(e), an order or judgment may be altered or amended in cases in which: (1) there is a need to correct a manifest error of law or fact; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the judgment or order in question; or (3) an intervening change in controlling law occurred.  <u>Schiller v. Physicians Resource Group, Inc.</u>, 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted).  As Plaintiffs have not presented any evidence or argument to show that reconsideration is warranted under any of the three grounds enumerated in <u>Schiller</u>, the Court finds that their Motion for Reconsideration pursuant to Rule 59(e) should be denied.

Plaintiffs also seek relief from the September 29, 2006, Order under Rule 60(b), which allows a court to relieve a party from a final judgment or order upon a finding of "mistake, inadvertence, surprise, or excusable neglect."  FED. R. CIV. P. 60(b)(1).  In support of this motion, Plaintiffs claim that their failure to timely file a motion for JNOV and/or new trial resulted because of problems encountered with the electronic docketing/notification system used by the Court.  Specifically, Plaintiffs claim that although their attorney electronically received a copy of the Final

2

Judgment on August 4, 2006 – the day it was filed – his paralegal did not.  Plaintiffs also claim that the paralegal electronically received a copy of the "Jury Verdict by Special Interrogatories" that was stamped "filed" and docketed on August 7, 2006, but their attorney did not.  Thereafter, the paralegal allegedly calendared the deadline for filing post-trial motions for August 21, 2006 (ten days after the date on which she electronically received a copy of the jury verdict form) instead of August 18, 2006 (ten days after the date on which the Final Judgment was entered and received by Plaintiffs' attorney).

Plaintiffs' attorney admits that he received a copy of the Final Judgment on August 4, 2006.  In accordance with the Federal Rules of Civil Procedure, Plaintiffs' attorney had ten days thereafter to file a motion for JNOV and/or new trial in this case.  The Court finds that the fact that a copy of the Final Judgment was not received by the attorney's paralegal or any other member of his office staff has no bearing on whether the attorney was required to comply with the applicable Rules for filing post-trial motions.  Additionally, even if Plaintiffs had demonstrated mistake or excusable neglect for the purposes of Rule 60(b), the Court is barred from considering the merits of their post-trial motions.  As explained in its prior Order, the ten-day period in which to file post-trial motions is jurisdictional – the Court has no authority to consider a post-trial motion that is filed more than ten days

after the final judgment is entered, and has no authority to extend the relevant ten-day period.  <u>United States Leather, Inc. v. H & W P'ship</u>, 60 F.3d 222, 225 (5th Cir. 1995) (finding that the relevant ten-day period for filing post-trial motions is jurisdictional and cannot be extended by the district court).  As Plaintiffs have not cited any authority by which a district court is allowed to extend the jurisdictional ten-day period for filing post-trial motions upon a finding of mistake or excusable neglect under Rule 60(b), the Court finds that Plaintiffs' Motion for Relief from Order should be denied.

## II.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Reconsider and for Relief from Judgment [Docket No. 48] is hereby denied.

SO ORDERED this the 29th day of December, 2006.

<u>s/ William H. Barbour, Jr.</u>
UNITED STATES DISTRICT JUDGE